**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ANTHONY OLIVER,

      Plaintiff,

      v.

CHATHAM COUNTY, et al.,

      Defendants.

CIVIL ACTION NO.: 4:25-cv-218

**O R D E R**

Before the Court is Plaintiff's "Notice of Dismissal Without Prejudice," signed by Plaintiff, who is proceeding *pro se*, in which he cites Federal Rule of Civil Procedure 41(a)(1)(A)(i) and states that he "hereby dismisses this entire action without prejudice," with each party to bear its own costs and attorney's fees. (Doc. 49.) Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

A number of named Defendants in this case have not appeared or filed an answer or a motion for summary judgment in this case. Accordingly, all of Plaintiff's claims against those Defendants (Chatham County, John Wilcher, Todd Freesemann, Matthew Stephenson, Jonathan Hart, Hart Law Firm, LLC, Jennifer Davenport, City of Pooler, Ashley Brown, Jim Ward, Craig Bogden, Randall Lindler, Christopher Dotson, Chris Muddiman, John Schmitt, III, Bradley Winn,

Thomas Carter, Kerry Carson, Lindsey Butler, Lindsey Heintzman, Maribeth Lindler, Drew Grace, Logan's Roadhouse II, L.L.C., Crystal Field, Kelly Collins, Samantha Collins, Dena Cutchens, Sonya Shaw, Mabel Trammell, and "Does 1–100")  are **DISMISSED without prejudice**.

The Defendants who have filed an Answer in the case and are represented by counsel (Louisa Abbot, Matthew Breedon, Garrett Emmons, Ian Heap, Margaret Heap, Shalena Jones, Amanda Makoid, Greg McConnell, Jonathan Puhala, Adina Ripley, Donna Sims, State of Georgia, William Stegin, Billy Tomlinson, Timothy Walmsley, and Nathanael Wright) promptly filed a response to Plaintiff's filing, stating that they "consent to Plaintiff's proposed dismissal of this entire action without prejudice and for each party to bear their own costs."  (Doc. 50.) Accordingly, notwithstanding the fact that those Defendants have filed an Answer, (see doc. 6-1), the Court construes the Notice of Dismissal as a motion for an order from the Court dismissing those Defendants.  The Court **GRANTS** the motion **in part** as to those specific Defendants, and those Defendants are **DISMISSED without prejudice**.  (Doc. 49.)

The sole remaining Defendant is Kenneth Walters, who is proceeding *pro se* and has filed an Answer, (see doc. 41).  Given the fact that Walters has filed an Answer, the Court construes Plaintiff's filing as a motion for an order from the Court dismissing his claims against Walters.  As of the date of this Order, Walters has not filed anything indicating that he stipulates or consents to the dismissal of the claims against him.  Accordingly, the Court refrains from taking any action with regard to Defendant Walters until the deadline for Walters to file a response—should he wish to do so—has passed. See S.D. Ga. L. R. 7.5 ("[E]ach party opposing a motion shall serve and file

a response within fourteen (14) days of service of the motion . . . .")  The Court **DIRECTS** the

Clerk to update the docket to reflect the dismissal of all Defendants except Kenneth Walters.

      **SO ORDERED**, this 2nd day of July, 2026.

<br>

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA